UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11085

DEBRA BROWN,
Plaintiff,

v.

BANK OF AMERICA CORPORATION and FANNIE MAE,
Defendants.

ORDER
July 19, 2010

O'TOOLE, D.J.

After careful review of the parties' submissions, the plaintiff's Motion to Remand (dkt. no. 6) is DENIED without prejudice. At issue is whether the failure of the defendants, Bank of America Corporation and Fannie Mae, to allege Bank of America's citizenship for the purposes of establishing diversity jurisdiction is fatal to the case's removal from state court. Although the complaint alleges that Bank of America's principal place of business is in North Carolina, neither the complaint nor the notice of removal specifies its state of incorporation. Because a corporation is deemed a citizen of the state of its principal place of business and the state by which it has been incorporated, see 28 U.S.C. § 1332(c)(1), the notice of removal is plainly defective for failing to disclose Bank of America's state of incorporation, see id. § 1446(a).[1]

However, remanding the case would unduly elevate form over substance. The defendants have alleged adequate grounds for removal to allow amendment of the notice of removal pursuant to 28 U.S.C. § 1653. The defendants shall have fourteen (14) days to file an amended

---

[1] The Court notes that the defendants have also failed to specify the citizenship of Fannie Mae.

notice of removal curing the defective allegations of jurisdiction. The plaintiff may renew her motion to remand at that time.[2]

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[2] The plaintiff is reminded of her obligations under the Local Rules to confer with opposing counsel prior to filing motions, see L.R. 7.1(a)(2), and to double-space all papers filed with the Court, see L.R. 5.1(a)(2).