UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11085

DEBRA BROWN,
Plaintiff,

v.

BANK OF AMERICA CORPORATION and FANNIE MAE,
Defendants.

OPINION AND ORDER
March 31, 2011

O'TOOLE, D.J.

The plaintiff, Debra Brown, a practicing attorney proceeding *pro se*, has brought suit against Bank of America Corporation and Fannie Mae, asserting claims that arise generally out of the foreclosure of her home in 2010 by Bank of America and/or its subsidiaries. The plaintiff's original complaint alleges six causes of action: violation of Massachusetts General Laws chapter 93A, § 2 (Count I), defamation and libel (Count II), negligence (Count III), negligent infliction of emotional distress (Count IV), "illegal retaliatory action" (Count V), and violation of Massachusetts General Laws chapter 244, § 14 (Count VI). The defendants move to dismiss the original complaint for failure to state a claim. The plaintiff moves to amend her complaint to include two additional causes of action, breach of the implied covenant of good faith and fair dealing and wrongful foreclosure. The defendants oppose the filing of the plaintiff's amended complaint on the grounds that the amendment is futile.

**I.    Background**

In September 2005, the plaintiff and her former husband entered into a loan agreement with Countrywide Home Loans secured by a mortgage on their home in South Hamilton,

Massachusetts. In August 2008, the plaintiff received sole title to this property through a quit claim deed, as part of a divorce decree.

Immediately after receiving title to this property, the plaintiff alleges that she sent Countrywide a copy of the divorce decree. The plaintiff states that a Countrywide official informed her that she would receive a one-year hardship forbearance on her mortgage. Despite this forbearance, the plaintiff was contacted less than a year later in May 2009 by Bank of America Corporation Home Loans Servicing, L.P. ("BAC Home Loans"), a subsidiary of Bank of America Corporation, which had recently taken over servicing the mortgage. The letter sent to the plaintiff stated that her mortgage payments were now immediately due.[1]

The plaintiff alleges that shortly after receiving this letter, she discussed a modification of her loan with a BAC Home Loans representative and was assigned to negotiate with Joelayn Oberg,[2] a Loan Service Specialist in BAC Home Loans' Home Retention Division.

On August 20, 2009, Oberg telephoned the plaintiff and requested financial documentation in order to evaluate the plaintiff's eligibility for a modification of the loan under the Home Affordable Modification Program ("HAMP"). HAMP is a federal program funded by the Emergency Economic Stabilization Act of 2008. See 12 U.S.C. §§ 5201, 5211-5241. HAMP prevents lenders from proceeding with foreclosure until a homeowner has been evaluated for eligibility for assistance under its criteria. See U.S. Dep't of the Treasury, Making Home Affordable Program Handbook for Services of Non-GSE Mortgage Version 3.0 (Dec. 2, 2010) ("A servicer may not refer any loan to foreclosure or conduct a scheduled foreclosure unless and

---

[1] The defendants attached this letter to their motion to dismiss as Exhibit 2. The letter was sent by BAC Home Loans' attorney, Harmon Law Offices, PC. The plaintiff seeks to add Harmon as a defendant in her amended complaint.

[2] The plaintiff seeks to add Joelayn Oberg as a defendant in her amended complaint.

2

until at least one of the following circumstances exists: [1] The borrower is evaluated for HAMP and is determined to be ineligible for the program. . . . .")

The plaintiff alleges that despite the extensive financial documentation she provided to Oberg in order to prove her eligibility for HAMP, BAC Home Loans was unresponsive and failed to offer her either a trial modification or a written denial during this time.

On December 20, 2009, the plaintiff received a notice of a foreclosure auction of her property scheduled for January 20, 2010. Between December 20 and December 31, the plaintiff received several voicemails from BAC Home Loans representatives attempting to negotiate a repayment plan. When the plaintiff and Oberg ultimately spoke following the holidays on January 4, Oberg offered the plaintiff a repayment plan, which the plaintiff rejected. Shortly thereafter, the plaintiff sent Oberg a written counter-offer, which BAC Home Loans rejected. The scheduled foreclosure was postponed.

In early January, the plaintiff submitted complaints regarding BAC Home Loans' refusal to provide her with a reasonable modification to her loan to the Massachusetts Attorney General's Office, the Massachusetts Department of Banks, the Office of the Comptroller of the Currency, and the Special Inspector General of the Troubled Asset Relief Program. The Attorney General's Office contacted Bank of America, N.A., a subsidiary of Bank of America Corporation that controls BAC Home Loans as its own subsidiary, and arranged to postpone the foreclosure sale.

The plaintiff alleges that Bank of America, N.A. stated in a letter sent February 25, 2010 to the Attorney General's Office that it was seeking to modify the plaintiff's repayment plan but no action could be taken unless the plaintiff submitted the necessary documentation to confirm

her eligibility for the program.[3] Bank of America N.A. later conceded that it had received the documentation in question on January 31, 2010, nearly a month prior to telling the Attorney General's Office that the quit claim deed was what stood in the way of any further modifications on the repayment plan.

Bank of America N.A. postponed another scheduled foreclosure sale of the plaintiff's home following continued dialogue between the plaintiff and BAC Home Loans. The new date for the foreclosure sale was May 10, 2010. The plaintiff alleges that on May 6, 2010, she submitted a HAMP application through a mediator at the Attorney General's Office which was "considered, accepted by the Defendant four days prior to the auction date." (See Compl. ¶ 33 (dkt. no. 14-1).)

The plaintiff's property was purchased at auction by Fannie Mae on May 10, 2010, despite the fact that BAC Home Loans had purportedly accepted the plaintiff's HAMP application four days prior. BAC Home Loans informed the plaintiff that it would not record the foreclosure deed while a review was performed on the loan modification efforts undertaken prior to initiating foreclosure.

The plaintiff filed her original complaint on May 27, 2010, in the Massachusetts Superior Court, and on the same day that court issued a temporary restraining order against the defendants. On June 8, 2010, the Massachusetts Superior Court issued a preliminary injunction preventing the defendants from evicting the plaintiff from her home. The defendants subsequently removed to this Court on June 25, 2010.

---

[3] The plaintiff attached this letter to her amended complaint. (See Am. Compl. Ex. 2 (dkt. no. 32-1).)

## II. Standard of Review

To survive a motion to dismiss, a complaint must have sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When evaluating the merits of a motion to dismiss, a court may look to the facts alleged in the pleadings as well as the documents attached as exhibits or incorporated by reference in the complaint. Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009). The Court draws all reasonable inferences in the plaintiff's favor and accepts all factual allegations in the complaint as true. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). A complaint fails to state a claim for relief, however, when the facts alleged fail to warrant an inference of more than the mere possibility of misconduct. Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).

Although the complaints of *pro se* plaintiffs are typically liberally construed, Brown is a practicing attorney. Therefore, she cannot claim the special consideration which a court customarily grants to *pro se* plaintiffs. See Barrett v. Lombardi, 239 F.3d 23, 28 (1st Cir. 2001).

## III. Motion to Dismiss

First, Count I alleges a violation of Massachusetts General Laws chapter 93A, § 2. The defendants correctly argue that the plaintiff's complaint is procedurally barred, because the plaintiff failed to wait the thirty-day period required by statute to file her complaint after serving demand letters on the defendants. Id. § 9(3). The plaintiff did not send demand letters to the defendants until one day after the suit was filed. The requirement is not a mere formality. A Chapter 93A demand letter serves two important and substantial functions: to encourage negotiation and settlement of disputes without resort to litigation and to operate as a control on the damages a claimant may ultimately recover in the absence of settlement. See Slaney v.

5

Westwood Auto, Inc., 322 N.E.2d 768, 779 (Mass. 1975). The failure to comply with this prerequisite is fatal to the plaintiff's Chapter 93A claim.

The Chapter 93A claim also fails for substantive reasons. The plaintiff has failed to provide enough facts to make a claim plausible on its face that the defendants engaged in unfair and deceptive business practices. The plaintiff pled facts as to only one specific example of a potential Chapter 93A violation in her original complaint, a letter sent by Bank of America N.A. to the Office of the Massachusetts Attorney General that incorrectly states Ms. Brown had failed to provide the defendants with certain documentation when Bank of America N.A. had received that documentation from Ms. Brown three weeks prior. The plaintiff has alleged no facts that suggest this error rose above the level of mere negligence or caused her actual harm. A Chapter 93A violation cannot be satisfied by such a low level of error. See Baena v. KPMG LLP, 453 F.3d 1, 3 (1st Cir. 2006).

Count II purports to bring a claim of defamation and libel. To sustain such a claim, the plaintiff must allege she was held up to the "scorn, hatred, ridicule, or contempt, in the minds of any considerable and respectable segment in the community." Stone v. Essex Cnty. Newspapers, Inc., 330 N.E.2d 161, 165 (Mass. 1975). The plaintiff has alleged no facts and no specific quotations that could even potentially rise to this level.

Count III alleges negligence by the defendants through the disregard of procedure under the HAMP Guidelines. The plaintiff alleges that she submitted a HAMP application through the Attorney General's Office to BAC Home Loans on May 6, 2010, four days prior to the foreclosure auction. The plaintiff further alleges that BAC Home Loans was negligent in violation of its Servicer Agreement with Fannie Mae by referring her home to foreclosure after having accepted her HAMP application. The defendants move to dismiss this count, arguing that

no facts are alleged whatsoever concerning Fannie Mae's alleged negligence, that HAMP does not imply the right to a private cause of action, and that even if HAMP did imply such a right, the plaintiff has failed to properly allege the elements necessary to sustain a negligence claim.

First, the Court agrees that the plaintiff has not alleged any facts pertaining to the involvement of Fannie Mae. The negligence claim against Fannie Mae therefore fails.

Second, as to Bank of America, the defendants argue that the plaintiff cannot sue under HAMP because HAMP does not provide or imply a private cause of action. That is the consensus of courts that have considered the matter. See, e.g., Aleem v. Bank of America, N.A., No. EDCV 09-01812-VAP, 2010 WL 532330, at *3-4 (C.D. Cal. Feb. 9, 2010); Gonzales v. First Franklin Loan Servs., No. 1:09-CV-00941 AWI-GSA, 2010 WL 144862, at *18 (E.D. Cal. Jan. 11, 2010). The plaintiff's argument seems to be that, even if there is no private right of action to enforce HAMP, a defendant's violation of a HAMP regulation may stand as evidence of a breach of a duty of care owed under state law. See, e.g., Speleos v. BAC Home Loans Servicing, L.P., No. 10-11503-NMG, 2010 WL 5174510, at *6 (D. Mass. Dec. 14, 2010) (finding that a plaintiff could bring a Massachusetts state negligence claim based on a violation of HAMP even if the statute did not provide a private cause of action).

A claim for negligence consists of four elements, that the defendant 1) owed a legal duty to the plaintiff; 2) breached that duty; 3) was the proximate or legal cause of; 4) actual damage or injury. Jorgensen v. Mass. Port Auth., 905 F.2d 515, 522 (1st Cir. 1990). The defendants argue that the plaintiff has failed to allege facts sufficient to sustain any of the first three elements.

The plaintiff's argument depends on the proposition that, under Massachusetts common law and apart from any obligation imposed by positive regulation, a foreclosing mortgagee owes the mortgagor a duty of due care in the execution of the foreclosure, such that a breach of that

7

duty gives rise to a claim for damages proximately caused. Not surprisingly, the plaintiff points to no Massachusetts legal authority for that proposition. Generally, a duty of care arises from the relationship of parties to one another: landlord and tenant, doctor and patient, driver and passenger, etc. Opposing litigants have not been included among the kinds of relationships that give rise to a duty of care each owes to the other. And the existence of a positive regulation imposing a duty on one actor does not by itself create a similar duty as a matter of state tort common law. See Sorenson v. H&R Block, Inc., No. 99-10268-DPW, 2002 WL 31194868, at *10 (D.Mass. Aug. 27, 2002) (finding it to be "the long settled rule that violation of a statute—whether federal or state, and whether permitting a private right of action or not—'does not by itself establish a breach of duty, for it does not constitute negligence per se'") (quoting Bennett v. Eagle Brook Country Store, Inc., 557 N.E.2d 1166, 1168 (Mass. 1990)). So while violation of a regulation such as HAMP may provide evidence of a breach of a duty *otherwise owed*, it does not create such a duty in the first place. To the extent that the Speleos case cited above is to the contrary, I respectfully disagree with its reasoning and decline to follow it.

Count IV alleges a violation of negligent infliction of emotional distress. The plaintiff alleges that the defendants repeatedly called her home, including on New Year's Eve, and inappropriately notified her only a few days before Christmas of the upcoming foreclosure sale date. Even if this cause of action were recognized as an independent tort (which it is not), in Massachusetts the negligent infliction of emotional distress requires physical harm "manifested by objective symptomatology." Payton v. Abbott Labs, 437 N.E.2d 171, 181 (Mass. 1982). The plaintiff has not alleged any objective symptomatology, and therefore the claim must fail.

Count V alleges that the defendants engaged in "illegal retaliatory action" by punishing the plaintiff, who has previously served as an "independent monitor" of certain business units of Bank of America Corporation. The plaintiff cites no statutory or common law authority which governs this supposed cause of action, and the Court has found no such cause of action applicable to the present case. Thus, the claim fails.

Count VI alleges a violation of Massachusetts General Laws chapter 244, § 14. Chapter 244 governs the notice requirements of foreclosure sales, and failure to comply with the statute voids any sale. The plaintiff has failed to sufficiently plead a single specific violation by either of the defendants. Consequently, the defendants' motion to dismiss is GRANTED in its entirety.

## IV.     Motion For Leave to File Amended Complaint

In the plaintiff's proposed amended complaint, she adds slightly more detail to her six original claims and raises two entirely new causes of action. The plaintiff has also moved to amend the complaint to add—not substitute—as defendants Bank of America, N.A., BAC Home Loan Servicing, LP, Harmon Law Offices, PC, and Joelayn Oberg. The defendants contend that the amendment should be denied because the changes are futile.

Rule 15(a) of the Federal Rules of Civil Procedure provides in part that leave to amend pleadings "shall be freely given when justice so requires," but amendment is not automatic. One reason for denying leave to amend is that the proposed new claims are futile. Epstein v. C.R. Bard, Inc. 460 F.3d 183, 191 (1st Cir. 2006). In determining whether the proposed amendment to a complaint is futile, the Court must determine whether the amended complaint still fails to state a claim upon which relief can be granted, and if it still fails, the district court acts within its discretion in denying the motion to amend. See Abraham v. Woods Hole Oceanographic Inst.,

553 F.3d 114, 117 (1st Cir. 2009) (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).

The original causes of action repleaded in the plaintiff's amended complaint suffer from the same defects as in the original. The plaintiff's only notable change to these five other causes of action is the attachment of an affidavit which pertains to her claims of Chapter 93A and Chapter 244 violations. The amended complaint describes in detail an affidavit, filed by a Bank of America Corporation employee in Massachusetts Land Court in 2009, which allegedly falsely states that Bank of America Corporation was the "holder" of the mortgage. (See Am. Compl. Ex. 8 (dkt. no. 32-1).) In fact, the affidavit does no such thing. It states, as the defendants correctly contend, that Bank of America Corporation is "one who holds under the Mortgagee" and not the mortgagee or the holder of the mortgage. (Id.) Furthermore, the affidavit attached to the plaintiff's complaint also contained another box to check for the "Mortgagee of the Mortgage which is the subject of this proceeding," (or, in other words, the holder of the mortgage) which was left unchecked by the Bank of America Corporation representative. (Id.) Because the plaintiff's interpretation of this affidavit is inaccurate on its face, any claims based on that interpretation must fail.

The plaintiff's amended complaint also includes four additional defendants, Bank of America N.A., BAC Home Loans, Joelayn Oberg, and Harmon Law Offices. Because no viable claims are asserted, no substantial question is presented whether any of the proposed new parties might be liable on any claim.

## V. Conclusion

For the foregoing reasons, the defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (dkt. no. 7) is GRANTED. The plaintiff's Motion For Leave of Court to Amend the Complaint (dkt. no. 37) is DENIED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge